UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROSMERI ADALUZ MIRANDA-LOPEZ,**

      **Plaintiff,**

v.                                       Case No. 6:25-cv-1015-CEM-LHP

**KIMBERLY DEAN,**
**ICE Orlando Field Officer**
**Director,**

      **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on *sua sponte* review of Plaintiff Rosemeri Adaluz Miranda-Lopez's Emergency Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by counsel under 28 U.S.C. § 2241, Emergency Motion to Stay Deportation (Doc. 2), and Amended Emergency Motion to Stay Deportation (Doc. 3). For the following reasons, the Petition, Motion to Stay Deportation, and Amended Motion to Stay Deportation will be denied and dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioner, a Guatemalan citizen who has lived in Apopka, Florida for twenty-

four years and has a pending U-Visa application,[1] has been in the United States under an Order of Supervision since January 2015. (Doc. 3 at 1-2). On May 30, 2025, Plaintiff was placed on ankle-monitoring and ordered to turn herself into Immigration and Customs Enforcement ("ICE") Orlando on June 12, 2025, and to be deported as early as June 14, 2025. (Doc. 1 at 1).

Plaintiff notes that she owns her home with her husband, who was deported on June 7, 2025, they have a family operated business, and she lives with her four children who are United States citizens between the ages of 9 and 21. (Doc. 3 at 2). Plaintiff states that her "husband has followed the administrative process to obtain a U-Visa under Category C-14, which grants deferred action to victims of crimes *and their spouses* so that they may receive employment authorization and legal status." (*Id.*) (emphasis in original). According to Plaintiff, on December 20, 2024, she and her husband received a Bona Fide Determination Notice ("Notice") on the U-Visa application from the United States Citizenship and Immigration Services ("USCIS"), "allowing them to apply for employment authorization, granting them deferred action, and offering them favorable consideration" in their administrative proceedings. (*Id.*). Based on the Notice, Plaintiff filed for employment authorization on February 5, 2025, and her application is pending. (*Id.*).

---

[1] A U-Visa "'provides protection against removal and a potential path to legal status for undocumented victims of violent crime.'" *K.K. v. Garland*, No. 23-CV-6281-FPG, 2025 WL 274431, at *1 n.2 (W.D.N.Y. Jan. 23, 2025), *appeal dismissed as moot sub nom. K.K. v. Bondi*, No. 25-190, 2025 WL 1233307 (2d Cir. Apr. 8, 2025) (quoting *Espino v. U.S.C.I.S.*, No. 21-CV-21, 2021 WL 6775011, at *1 (D. Vt. Aug. 18, 2021)).

Plaintiff asserts two claims: (1) her pending deportation deprives her of due process because her pending U-Visa application and employment authorization grant her deferred action, and (2) ICE has abused its discretion by accelerating her deportation rather than follow its administrative process for U-Visa applications. (Doc. 1 at 6). Plaintiff requests the Court to release her from ICE custody and stay her deportation until her U-Visa application is resolved. (*Id*. at 7); *see also* Doc. 3.

## II. ANALYSIS

"Federal courts are 'courts of limited jurisdiction,'" which "'possess only that power authorized by Constitution and statute.'" *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). One statute that limits federal courts' jurisdiction is 8 U.S.C. § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). This statute expressly includes claims raised in § 2241 habeas corpus actions. *Id.*

Section 1252(g) encompasses only "three 'discrete actions: actions to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Camarena*, 988 F. 3d at 1272 (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999)). "When 'asking if a claim is barred by § 1252(g), courts must focus

on the action being challenged.'" *Id.* (quoting *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs*., 964 F.3d 1250, 1257–58 (11th Cir. 2020)). "Section 1252(g) bars review over 'any' challenge to the execution of a removal order—and makes no exception for those claiming to challenge the government's 'authority' to execute their removal orders." *Id.* at 1273 (quoting 8 U.S.C. § 1252(g)).

Here, Plaintiff's claims arise from the Government's "decision or action" to "execute" a removal order. 8 U.S.C. § 1252(g). She specifically requests the Court to prohibit the Government from removing her pending the disposition of her U-Visa application. Consequently, her claims "fall squarely within § 1252(g)'s jurisdictional bar." *Id.* at 1272 (affirming dismissal of habeas petition seeking to prevent removal pending the resolution of the petitioners' applications for provisional unlawful presence waivers). Section 1252(g), therefore, divests the Court of jurisdiction. *See, e.g., E.F.L. v. Prim,* 986 F.3d 959, 964 (7th Cir. 2021) (affirming district court's dismissal for lack of jurisdiction under § 1252(g) of the petitioner's challenge to the government's decision to execute a removal order while she sought administrative relief); *Garland,* No. 23-CV-6281-FPG, 2025 WL 274431, at *1–2 (W.D.N.Y. Jan. 23, 2025) (concluding the court lacked jurisdiction pursuant to § 1252(g) to enjoin the petitioner's removal before the disposition of his T-Visa and U-Visa applications); *Singh v. United States Immigr. & Customs Enf't Field Off. Dir*., No. 2:24-CV-00705-RSL-TLF, 2025 WL 746295, at *9 (W.D. Wash. Feb. 14, 2025) (determining the court lacked jurisdiction under § 1252(g) to

grant the request to stay removal pending the disposition of the petitioner's U-Visa application), *report and recommendation adopted*, No. 2:24-CV-00705-RSL-TLF, 2025 WL 745629 (W.D. Wash. Mar. 7, 2025).

Accordingly, because § 1252(g) strips this Court of jurisdiction to hear Plaintiff's claims, the Petition must be dismissed, and Petitioner's Motion to Stay Deportation and Amended Motion to Stay Deportation must be denied.

### III. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Emergency Motion to Stay Deportation (Doc. 2) and Amended Emergency Order to Stay Deportation (Doc. 3) are **DENIED**.
2. This case is **DISMISSED** for lack of subject matter jurisdiction.
3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 11, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record